UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON TAYLOR,

      Plaintiff,                  Civil Action No. 2:20-CV-13041
v.                                    HONORABLE NANCY G. EDMUNDS
                                         UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN, et. al.,

      Defendants,
_____/

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Leon Taylor's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Macomb Correctional Facility in New Haven, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims that he was quarantined at the Macomb Correctional Facility after being exposed to the Coronavirus (COVID-19). Plaintiff was later returned to the general population. Plaintiff claims that the defendant corrections officers repeatedly refuse to provide him with bleach or other cleaning supplies to disinfect his prison cell, which he claims puts him at risk of

contracting COVID-19. Plaintiff also claims he is being forced to take showers in an infected shower area that is not being cleaned or disinfected so as to eliminate or reduce the risk of contracting COVID-19. Plaintiff also claims that he was served cold food for twenty days which was inadequate to satisfy his nutritional requirements as a diabetic. Plaintiff names Warden Willis Chapman, and Officers Jones, Wright, and 2 John Does as defendants.

## IV. Discussion

### A. **The suit must be dismissed against Defendant Chapman**

The complaint must be dismissed against Defendant Chapman, the warden at the Macomb Correctional Facility, because plaintiff failed to allege any personal involvement on the part of the defendant with the alleged unconstitutional deprivation.

A supervisory official like Chapman cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

Warden Chapman is not liable under § 1983 in his supervisory capacity for the alleged violation of plaintiff's rights, because plaintiff failed to alleged that the warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

**B. Plaintiff states a potential claim for relief against the remaining defendants.**

Plaintiff's allegations that the defendants failed to provide plaintiff with cleaning supplies or other disinfectants to perform basic hygiene on his prison cell and that the defendants failed to sanitize the prison showers sufficiently states a claim that the remaining defendants were deliberately indifferent to taking safeguards to protect plaintiff from contracting COVID-19. *See Prieto Refunjol v. Adducci*, 461 F. Supp. 3d 675, 708–09 (S.D. Ohio 2020), *reconsideration denied*, No. 2:20-CV-2099, 2020 WL 3026236 (S.D. Ohio June 5, 2020).

Plaintiff's other allegation that the defendants failed to provide him with the proper diet for his diabetic condition sufficiently states a claim that the defendants were deliberately indifferent to plaintiff's medical needs. *See Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759–60 (5th Cir. 2018).

## V. ORDER

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANT WILLIS CHAPMAN FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.** The case will proceed against the remaining defendants.

s/ Nancy G. Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**Dated: November 18, 2020**