UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON TAYLOR,

      Plaintiff,

v.

OFFICER WRIGHT, OFFICER JONES,
and JOHN DOE #1,

      Defendants.

_____/

Case No. 20-13041

Nancy G. Edmunds
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
## (ECF No. 30)

This is a civil rights case filed by prisoner-plaintiff Leon Taylor without the assistance of counsel. On March 1, 2021, the named defendants filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit and that they are immune from suit in their official capacities pursuant to the Eleventh Amendment. (ECF No. 22). Plaintiff filed a response brief in which he argued in favor of the merits of his claims and argued the grievance process was unavailable to him. (ECF No. 26).

On May 17, 2021, Plaintiff filed a motion to compel responses to discovery requests. (ECF No. 30). This motion appears to be a hybrid motion to compel pursuant to Fed. R. Civ. P. 37 to compel responses to discovery requests and a motion pursuant to Fed. R. Civ. P. 56(d) to allow time for discovery before ruling on

1

Defendants' motion for summary judgment.  The motion is **DENIED** for the following reasons.

Federal Rule of Civil Procedure 56(d) explains what a non-movant must do in order to obtain a stay of summary judgment.  The rule requires the non-movant to show by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition."  Then, "the court *may*: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order."   Fed. R. Civ. P. 56(d) (emphasis added).  A motion under Rule 56(d) may be properly denied when the requesting party "makes only general and conclusory statements . . . regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of [a document] to be discovered."  *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).  Further, even when a party properly presents a Rule 56(d) affidavit and a motion to extend discovery, the rule only provides that a court "may" extend the discovery deadline.  "Even if there has been no discovery, however, summary judgment may nonetheless be appropriate where 'the court deems as too vague the affidavits submitted in support of the motion' or 'if further discovery would not have changed the legal and factual deficiencies.'"  *Bowers v. Ophthalmology Grp. LLP*, 648 F. App'x 573, 580 (6th Cir. 2016).

The Court finds no basis for granting relief under Rule 56(d).  With regard to

the issue of exhaustion of administrative remedies, attached to the motion are a copy

of the prison's grievance policy and Plaintiff's Step III grievance report which

provides all the grievances received through the final step of the grievance process.

(ECF No. 22-2, 22-3).  Typically, this is all the evidence the parties and the Court

require to rule on such a motion.  Plaintiff did not explain what additional facts or

evidence he needs to respond to the arguments raised regarding exhaustion.  With

regard to the issue of Eleventh Amendment immunity, this is a legal rather than

factual question that does not require proof of the merits of Plaintiff's claims.  What

is more, although Plaintiff began his response brief with statements regarding

allowance for discovery before ruling on summary judgment, Plaintiff was able to

respond to the exhaustion argument, and to respond somewhat to the immunity

argument, without referencing a need for additional evidence.  (*See* ECF No. 26,

PageID.149-51).  Plaintiff has not convinced the Court he requires a period of

discovery before the Court addresses the motion for summary judgment.

     Plaintiff's request for relief pursuant to Rule 56(d) appears to come from a

misinterpretation of Defendants' motion for summary judgment.  Although the

motion for summary judgment is limited to the issues of exhaustion and Eleventh

Amendment immunity, Plaintiff's response brief contains a significant amount of

argument in support of the merits of his claims and discussion of qualified immunity,

issues not raised by the Defendants at this time.  Discovery needed to support the

merits of his claims will be appropriate if and when the discovery period begins in

this case.

Relatedly, the motion to compel discovery responses is premature.  In prisoner civil litigation, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines after the defendants file an answer to the complaint.  Defendants have not yet filed an answer and the Court has not entered a scheduling order.  The Court must resolve the pending dispositive motion before discovery begins.  If Plaintiff defeats summary judgment, the Court will issue a scheduling order after the defendants have answered the complaint.  If this occurs, responses to discovery requests will become due in due course.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  June 11, 2021                    s/Curtis Ivy, Jr.
                                        CURTIS IVY, JR.
                                        United States Magistrate Judge


## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2021, by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850