UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON TAYLOR,

    Plaintiff,

v.

OFFICER WRIGHT, *et al.*,

    Defendants.

Case No. 20-13041

Honorable Nancy G. Edmunds

_____/

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 16, 2021 REPORT AND RECOMMENDATION [32] AND DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT [36]**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Leon Taylor alleging violations of the Eighth and Fourteenth Amendments of the United States Constitution. Upon initial screening, the Court found Plaintiff sufficiently stated claims against Defendant Officers Wright, Jones, and John Does ("Defendants"), who are Michigan Department of Corrections employees, based on their alleged deliberate indifference to safeguarding him from contracting COVID-19 and to his medical needs stemming from his diabetes. (ECF No. 5.) The case was then referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial matters. (ECF No. 12.) Before the Court is the Magistrate Judge's August 16, 2021 report and recommendation to grant Defendant Officers Wright and Jones' motion for summary judgment. (ECF No. 32.) Plaintiff has filed objections to that report and recommendation, (ECF Nos. 33, 34), and Defendants have filed a response to those objections, (ECF No. 35). Plaintiff has also filed a request to amend his complaint. (ECF No. 36.) For the reasons stated below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the report and

1

recommendation (ECF No. 32).  The Court therefore GRANTS Defendants' motion for summary judgment (ECF No. 22) and DENIES Plaintiff's request to amend the complaint (ECF No. 36) as moot.

## I.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *See also* 28 U.S.C. § 636(b)(1).

## II.    Analysis

The Magistrate Judge recommends dismissing Plaintiff's claims because he failed to properly exhaust his administrative remedies.  The Magistrate Judge also found the claims brought against Defendants in their official capacity barred by Eleventh Amendment immunity.  Plaintiff has filed three objections, but his objections consist in large part of reassertions of the arguments he previously made before the Magistrate Judge.  "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources."  *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted).  Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge.

Plaintiff's arguments regarding the merits of his underlying claims and qualified immunity go to issues not before the Court. And with regard to the exhaustion issue, the record shows the grievance process was available to Plaintiff. But as the Magistrate Judge found, the only one of Plaintiff's grievances appealed through step III was properly rejected for a reason set forth in the applicable grievance procedure.[1] More specifically, it raised multiple, unrelated issues—complaints related to what Plaintiff describes as "inhumane treatment" while in quarantine due to the COVID-19 virus (one issue) as well as a complaint about his personal property following his transfer (a separate issue). *See, e.g.*, *Rusiecki v. Trombley*, No. 06-cv-14023, 2007 U.S. Dist. LEXIS 99733, at *16 (E.D. Mich. Nov. 30, 2007) (grievance properly rejected because it contained a complaint regarding legal mail and an unrelated complaint about a failed monetary disbursement). Thus, Plaintiff's claims are subject to dismissal for failure to properly exhaust.

With regard to the claims brought against Defendants in their official capacity, Plaintiff recently filed a request to amend along with a proposed amended complaint omitting those claims and thus conceding this issue. Regardless, the Magistrate Judge correctly found those claims barred by the Eleventh Amendment. And because the Court is dismissing this case as recommended by the Magistrate Judge, Plaintiff's request to amend his complaint is moot.

---

[1] And even if the grievance had not been properly rejected, it relates only to Plaintiff's claim that Defendants were deliberately indifferent to safeguarding him from the risk of contracting COVID-19 and does not address his allegations that Defendants were deliberately indifferent to his medical needs stemming from his diabetes.

### III.     Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 32).  Accordingly, the Court GRANTS Defendants' motion for summary judgment (ECF No. 22) and DENIES Plaintiff's request to amend his complaint (ECF No. 36) as moot. Plaintiff's claims against Defendants in their individual capacity are dismissed without prejudice, and his claims against Defendants in their official capacity are dismissed with prejudice.

SO ORDERED.

                                                      s/Nancy G. Edmunds
                                                      Nancy G. Edmunds
                                                      United States District Judge

Dated: February 16, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2022, by electronic and/or ordinary mail.

                                                      s/Lisa Bartlett
                                                      Case Manager