UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEON TAYLOR, | Case No. 20-13041 |
| | Nancy G. Edmunds |
| Plaintiff, | United States District Judge |
| v. | |
| OFFICER WRIGHT, OFFICER JONES, and JOHN DOE #1, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. _____/ | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (ECF Nos. 49, 50) AND DIRECTING DEFENDANTS TO ANSWER REMAINING CLAIMS**

This is a civil rights case filed by prisoner-plaintiff Leon Taylor without the assistance of counsel. This case was recently reinstated by the Sixth Circuit Court of Appeals after the court found Plaintiff has administratively exhausted some claims in this case. On January 2, 2023, Plaintiff filed two motions for appointment of counsel. (ECF Nos. 49, 50). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 48).

In support of his motions, Plaintiff asserts that he should be afforded pro bono counsel because the issues in this case are complex, he will be unable to depose the defendants because he is incarcerated, he will need the help of an attorney to subpoena witnesses and investigate other prisoners to call as witnesses, the prison limits the time he may use the law library and legal materials are limited, and he has

1

limited knowledge of the law.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are against two named defendants and a John Doe, and do not appear exceedingly complex. Also, his filings show he has an adequate understanding of the issues involved here, and he has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich.

Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has all the tools of discovery available to him. Should difficulties gaining access to the law library cause Plaintiff to require more time to file a motion or a response, he may move for an extension of time to do so.

For the reasons stated above, Plaintiff's motions for appointment of counsel (ECF Nos. 49, 50) are **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion.

To date, the remaining Defendants have not answered Plaintiff's Complaint. The Court, having reviewed Plaintiff's complaint as a whole finds that Defendants may not waive filing a responsive pleading under 42 U.S.C. § 1997e(g). Defendants are **DIRECTED** to **ANSWER** the remaining claims in Plaintiff's First Amended Complaint by **February 6, 2023.**

    **IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate

3

judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 23, 2023  　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　CURTIS IVY, JR.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2023, by electronic means and/or ordinary mail.

　　　　　　　　　　　　　　　　　　s/Kristen MacKay
　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　(810) 341-7850