UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEON TAYLOR,<br>    Plaintiff,<br>v.<br><br>OFFICER WRIGHT, OFFICER JONES, and JOHN DOE,<br>    Defendants.<br>_____/ | Case No. 20-13041<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 55)**

**I.    BACKGROUND**

  A. Procedural History

Plaintiff Leon Taylor filed this civil rights matter on November 5, 2020, without the assistance of counsel, against Michigan Department of Corrections ("MDOC") corrections officers. (ECF No. 1). Taylor alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution. Defendants Wright and Jones moved to dismiss Plaintiff's complaint. (ECF No. 55). The motion is fully briefed (ECF No. 59, 61) and ready for report and recommendation.

For the reasons below, the undersigned recommends Defendants' motion to dismiss be **GRANTED**.

B. <u>Complaint Allegations</u>[1]

At all times relevant to the complaint, Plaintiff was housed at the Macomb Correctional Facility ("MRF"). Plaintiff was placed in quarantine and assigned to housing unit five at MRF for 20 days after testing positive for COVID-19. (ECF No. 1, PageID.3, 9). Defendant corrections officers Wright and Jones worked in unit five during the time relevant to the complaint.

During his 20-day stay in unit five, Plaintiff made several requests to Defendants that were denied. Defendant Jones denied Plaintiff's daily request for bleach and disinfectant to clean his cell. (*Id.* at PageID.5). Plaintiff "impressed upon Officer Jones and Officer Wright" that they understood how lethal Covid-19 was and how "filthy" his cell was.[2] Members of MRF administration informed Plaintiff to stay clean with soap and that all areas of the prison should be constantly cleaned and disinfected.

Also during this time, Defendants allegedly forced Plaintiff to wear the same clothing and gave him cold and nutritionally inadequate food despite knowing he is diabetic, and they would not accept mail from him. (*Id.*). He was forced to shower where 40-60 other prisoners also infected with the virus showered, and those

---

[1] These allegations derive from the original complaint. Plaintiff filed a "First Amended Complaint," but that document merely strikes defendant Willis Chapman from the complaint. The "First Amended Complaint" does not contain new or additional (or any) allegations.
[2] He requested the same of the John Doe defendant, who also denied the requests.

showers were not cleaned and disinfected. (*Id.* at PageID.5-6). Because of the cold, half-cooked, and nutritionally inadequate food, Plaintiff alleges he did not eat "most of the time" and lost weight. (*Id.* at PageID.6). He alleges he contracted a disease on his buttocks from using a dirty toilet. (*Id.* at PageID.10). According to Plaintiff, these conditions were unsafe and Defendants were deliberately indifferent to a threat to his health and safety.

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.").

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiffs allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal

4

pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

### B. Analysis

#### 1. Fourteenth Amendment

Plaintiff alleges that Defendants' conduct violated the Eighth and Fourteenth Amendments because he was housed in unsanitary and unsafe conditions. Both "[t]he Eighth and Fourteenth Amendments are violated 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted). But the Fourteenth Amendment applies to claims raised by pretrial detainees. Plaintiff presumably was convicted and in the custody of the Michigan Department of Corrections. Thus, only the Eighth Amendment deliberate indifference standard applies to his claims.[3] The claims raised under the Fourteenth Amendment should be dismissed.

#### 2. Eighth Amendment Deliberate Indifference

---

[3] Further, denial of access to clean showers, clean clothes, and cleaning supplies do not implicate a protected liberty interest protected by the Fourteenth Amendment. *See Hale v. Mayes*, 2018 WL 5313237, at *4 (M.D. Tenn. Oct. 25, 2018).

Defendants' first argument relates to a claim they perceive Plaintiff raised—that he was placed at risk of Covid-19 exposure. (ECF No. 55, PageID.352). Plaintiff did not raise such a claim. He confirmed this in his response brief in which he states, "Plaintiff never claimed that prison official[s] didn't use safeguard measures to prevent him from contracting COVID-19. Plaintiff was already COVID-19 positive when he encountered the Defendants." (ECF No. 59, PageID.413-14). The conditions of confinement claim is about having cold, nutritionally inadequate food; dirty clothes; dirty showers; no cleaning supplies; and no mail service for 20 days.

The Eighth Amendment prohibits conditions of confinement that amount to a wanton and unnecessary infliction of pain upon a prison inmate. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

6

Eighth Amendment claims include both a subjective and objective component. For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

    a.    Dirty Clothes and Dirty Showers

"In this Circuit, a prisoner's claim of denial of clean clothes for a brief time fails to state an Eighth Amendment violation." *Nettles v. Unknown Party #1*, 2022 WL 782606, at *9 (W.D. Mich. Mar. 15, 2022) (citing *Bostic v. Mehr*, 2021 WL 5999305, at *5 (W.D. Tenn, Dec. 20, 2021)); *see also Wright v. Gregory*, 2021 WL 4037594, at *4 (W.D. Ky. Sept. 3, 2021) ("[T]he temporary inconvenience of . . . not having clean clothes . . . during Plaintiff's nine-day placement in segregation

7

fails to state a claim upon which relief may be granted."); *Jackson v. Powell*, 2018 WL 3722158, at *8 (W.D. Mich. Aug. 6, 2018) ("Plaintiff's alleged temporary deprivations of hygiene items, exercise yard, and laundry service amount to minor inconveniences that do not rise to the level of an Eighth Amendment violation."). A denial of clean clothes may constitute an Eighth Amendment violation "only when the inmate claims to have 'suffered a physical injury or a disease as a result of these conditions.'" *Brown v. Timmerman-Cooper*, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013).

Plaintiff did not allege contracting an injury or disease as a result of wearing the same clothes for 20 days without laundry service. In his response brief, he stated that there was a risk that he would get sicker from the Covid virus, (ECF No. 5, PageID.411), but not that he suffered actual harm from the clothing. Thus, while unpleasant, the lack of clean clothes as alleged did not violate the Constitution.

The claim about the showers not being cleaned in between uses for 20 days similarly fails—Plaintiff alleged no harm resulting from showering after other Covid-infected inmates without cleanings in between. The lack of regular cleaning does not amount to an "extreme deprivation" prohibited by the Eighth Amendment. *See Ross v. Davidson Cnty. Sheriff's Off.*, 2019 WL 4573507, at *5 (M.D. Tenn. Sept. 20, 2019) ("The complaint does not allege that Plaintiff has

suffered any harmful effects from the conditions of his living quarters or showers. Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim.") (collecting cases).

      b.      Denial of Cleaning Supplies

In an affidavit attached to the complaint, Plaintiff states that he was denied cleaning supplies and disinfectant for his "filthy" cell. Sometime during his 20-days in quarantine, he contracted a disease on his buttocks from using a dirty toilet. (ECF No. 1, PageID.10).

Defendants argue that what they did or did not do was part of a reasonable response to Covid-19. Defendants cite *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), to support their contention that not giving Plaintiff cleaning supplies was part of the prison's reasonable response to the pandemic. (ECF No. 55, PageID.355). Defendant neglected to address *Wilson's* acknowledgment that prisoners in that case were also given soap and disinfectant to clean their cells, unlike Plaintiff here. 961 F.3d at 841. It is unclear how neglecting to provide cleaning supplies is a reasonable response to a virus.

The undersigned is not bound to address the cleaning supplies claim through the lens of Defendants' "reasonable response" argument. The Court must assess a prisoner's complaint at any time for claims that are not viable under the Prison Litigation Reform Act. 28 U.S.C. 1997e. The undersigned will view the

9

complaint liberally and determine whether Plaintiff stated a viable claim to relief pursuant to Fed. R. Civ. P. 12(b)(6).

"In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (internal citation omitted).

In *Taylor v. Riojas*, 141 S. Ct. 52 (2020), the Supreme Court reiterated that "extreme" unsanitary conditions are required to satisfy the objective component of an Eighth Amendment claim. There, the Supreme Court concluded that "no reasonable correctional officer could have concluded that . . . it was constitutionally permissible to house [the plaintiff] in such deplorably unsanitary conditions for such an extended period of time." *Id.* at 53. *Taylor* described "shockingly unsanitary" conditions including confinement in a cell that was "covered, nearly floor to ceiling, in 'massive amounts' of feces' all over the floor, the ceiling, the window, the walls, and even 'packed inside the water faucet.'" *Id.* at 52 (additional internal quotation and citation omitted).

On the other hand, temporary inconveniences or temporary discomforts less extreme than in *Taylor* are insufficient to warrant constitutional concern. *See, e.g.*, *Perkins v. Bailey*, 2021 WL 868887, at *9 (W.D. Mich. Mar. 9, 2021) (holding that

10

allegations of dirty cell conditions over a two-week period fell "well short of meeting the objective component of the Eighth Amendment standard."); *Rogers v. Roy*, 2021 WL 1686133, at *7 (W.D. Mich. Apr. 29, 2021) (collecting cases, and holding that "[a]llegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.").

In the view of the undersigned, the allegations here are closer to temporary discomforts than to such extreme deprivations as in *Taylor*. Notably, Plaintiff's sparse allegations do not describe the filth of his cell, thus it is hard to evaluate the severity of the deprivation of cleaning products. He stated the toilet was dirty and he contracted a disease from using the toilet, but such conclusory allegations cannot be accepted. "Conditions-of-confinement cases are highly fact-specific." *Edge v. Mahlman*, 2021 WL 3725988, at *3 (S.D. Ohio Aug. 23, 2021). The facts alleged are that the entire cell was unclean during his 20-day stay. This does not describe constitutionally unsanitary conditions of confinement considering the case law highlighted herein. This is so despite the allegation that he contracted a disease on his buttocks from using the dirty toilet. The facts do not explain the condition of the toilet such that the Court could conclude that the toilet was so

unclean and unsafe that a risk of harm was objectively obvious and serious. In short, the claim fails on the objective component.

Subjectively, the Defendants knew that the cell was "filthy" and that Plaintiff was requesting cleaning supplies every day. But there are no facts establishing that Defendants inferred a risk of harm to Plaintiff's health or safety from the condition of the cell and that they drew such an inference but disregarded the risk. *Dudley v. Doe*, 2007 WL 1344897, at *3 (E.D. Mich. May 4, 2007) ("Plaintiff fails to present any evidence that Defendant was aware of the conditions of the cell, that the toilet contained the alleged oily substance, and that the substance could be harmful to Plaintiff."). Thus, the claim fails on both the objective and subjective components.

    c.    Food During Quarantine

Plaintiff alleges that the Defendants knew he had diabetes yet still fed him cold, undercooked, nutritionally inadequate food.[4] Defendants argue that serving

---

[4] Plaintiff added factual background to this claim in his response brief, including that he was denied his diabetic medical diet tray while in quarantine. (ECF No. 59, PageID.409, 413). The Court cannot consider facts raised in a response brief as part of the complaint. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")) (citation omitted); *Williams Huron Gardens 397 Trust v. Twp. of Waterford,* 2019 WL 2051967, at *6 (E.D. Mich. Feb. 28, 2019) (declining to assume unpled facts or allegations in this case to create a claim for relief), *report and recommendation adopted by* 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss.").

cold food does not violate the constitution. They are correct on that limited point—serving inmates cold meals for a short duration does not violate the constitution. "[C]old food . . . is an ordinary incident in prison life." *Thaddeus-X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999). Serving nutritionally inadequate meals, however, can violate the Constitution. Under the Eighth Amendment, state officials are required to provide prisoners with adequate food. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also requires that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)) (footnotes omitted).

Plaintiff's allegation that the food was nutritionally inadequate is conclusory and fails to allege a violation of the constitution. *See Quarles v. Boyd*, 2018 WL 2293957, at *2 (W.D. Ky. May 18, 2018) (finding that prisoner-plaintiff's "broad allegation" that the food he was given was not nutritionally adequate could not support a Section 1983 claim "without more detail") (citing *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001) (rejecting Eighth Amendment claim based on assertion that the plaintiff received only one cup of fruit as one of the six meals he received in one day); *Jackson v. Aramark*, 2017 WL 3176284, at *3 (W.D. Ky. July 26, 2017) (finding that broad allegation that prison food was "not

13

nutritionally adequate, no well-balanced meals" insufficient to support a constitutional claim). Plaintiff alleges he lost weight because of the food he was served in quarantine, but this is also conclusory because he did not allege how much weight he lost in 20 days, and without more facts about the food he was served, the undersigned cannot conclude that the constitution was violated based on the allegations. *See Witschi v. N.C. Dep't of Pub. Safety*, 2014 WL 3735135 (W.D.N.C. July 29, 2014) (finding that no Eighth Amendment claim despite Plaintiff's allegation that he was not being fed an adequate diet because he did not allege facts suggesting that his health had deteriorated as a result of his diet regimen); *Kemp v. Drago*, 2013 WL 4874972 (D.S.C. Sept. 11, 2013) (holding that "Plaintiff's allegation of a seventeen-pound weight loss does not state a cognizable claim" of inadequate nourishment). Nor did Plaintiff allege that either Defendant learned of the allegedly nutritionally inadequate food and a risk of harm to Plaintiff, but disregarded that risk.

        d.     Mail

Plaintiff's claim that Defendants refused to accept his outgoing mail for his 20 days in quarantine does not fall into the Eighth Amendment's prohibition of cruel and unusual punishment. Interference with a prisoner's mail would fall under the First Amendment. Defendants did not address the mail claim separately in their motion. Under 28 U.S.C. 1997e, the Court must assess a complaint at any

time for frivolous claims or failure to state a claim and dismiss those claims that could not survive a motion to dismiss. So the undersigned will address the claim.

Plaintiff's assertion that Defendants refused to accept his outgoing mail for 20 days does not state a viable constitutional claim. First, the alleged deprivation lasted at most 20 days. "[I]solated instances of interference with prisoners' mail," such as that alleged by Plaintiff, does not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson*, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)). Second, as much as Plaintiff is arguing that the failure to accept his mail violated his right of access to the courts, he has not alleged how he was prejudiced as a result of the deprivation, so the claim would fail. *See Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996).

The reasons underlying the recommendation to dismiss the claims against moving Defendants Wright and Jones apply equally to unnamed Defendant John Doe because the same claims were raised against this defendant. The claims should also be dismissed against the John Doe defendant.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (ECF No. 22) be **GRANTED** and this case be dismissed against all Defendants.

15

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 19, 2023          s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 19, 2023, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850