UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON TAYLOR,

     Plaintiff,                                    Case No. 20-13041

v.                                                        Honorable Nancy G. Edmunds

OFFICER WRIGHT, *et al.*,                    Magistrate Judge Curtis Ivy, Jr.

     Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
APRIL 19, 2023 REPORT AND RECOMMENDATION [62]**

Plaintiff Leon Taylor brings this pro se prisoner civil rights lawsuit under 42 U.S.C.

§ 1983, alleging violations of the Eighth and Fourteenth Amendments of the United States

Constitution. On February 16, 2023, Defendants filed a motion to dismiss Plaintiff's claims

for failure to state a claim, or alternatively, because Defendants are entitled to qualified

immunity. (ECF No. 55.) Plaintiff filed a response in opposition to the motion and

Defendants filed a reply. (ECF Nos. 59, 61.) Before the Court is the Magistrate Judge's

April 19, 2023 Report and Recommendation, in which he recommends this Court grant

Defendants' motion to dismiss.[1] (ECF No. 62.) Plaintiff filed objections to the Report and

Recommendation (ECF No. 64) and a sur-reply (ECF No. 63), which Defendants moved

to strike (ECF No. 66.) Defendants also filed a response to Plaintiff's objections. (ECF

No. 65.) For the reasons that follow, the Court GRANTS Defendants' Motion to Strike

(ECF No. 66), OVERRULES Plaintiff's Objections (ECF No. 64), ACCEPTS and ADOPTS

---

[1] All pre-trial matters have been referred to the Magistrate Judge. (ECF No. 48.)

the Magistrate Judge's Report and Recommendation (ECF No. 62), and GRANTS Defendants' Motion to Dismiss (ECF No. 55).

## I.    Background and Procedural History

Plaintiff alleges in his complaint that Defendants, who are Michigan Department of Corrections ("MDOC") officers, violated his Constitutional rights by failing to accept his outgoing mail and failing to provide him with cleaning supplies, clean clothing, or a nutritionally adequate diet during his 20-day stay in quarantine after testing positive for COVID-19. (ECF No. 1.) Because of the alleged cold, half-cooked, and nutritionally inadequate food, Plaintiff says he did not eat "most of the time" and lost weight. (*Id.* at PageID.6.) He also alleges he contracted a disease on his buttocks from using a dirty toilet. (*Id.* at PageID.10.) According to Plaintiff, these conditions were unsafe and Defendants were deliberately indifferent to his health and safety.

Upon initial screening of Plaintiff's complaint, the Court found Plaintiff sufficiently stated claims against the corrections officers, Defendants Wright, Jones, and John Does, but dismissed Defendant Chapman, the supervisory official, because Plaintiff failed to allege that he encouraged or directly participated in the alleged misconduct. (ECF No. 5, PageID.53.) Following this Court's referral of full pretrial matters to the Magistrate Judge (ECF No. 12), Plaintiff filed an Amended Complaint striking Defendant Chapman and one of the John Doe Defendants (ECF No. 15), and Defendants filed a motion to dismiss based upon Plaintiff's failure to exhaust his administrative remedies (ECF No. 22.) This Court accepted and adopted the Magistrate Judge's recommendation to grant Defendants' motion, over Plaintiff's objections, and dismissed the case. (ECF Nos. 32, 33, 34, 37.)

But Plaintiff appealed this Court's decision. Finding that Plaintiff had, in fact, exhausted his administrative remedies, the Sixth Circuit remanded the case to this Court for further proceedings as to Plaintiff's claims against Defendants Wright, Jones, and John Doe in their individual capacities only.[2] (ECF Nos. 39, 43.) Defendants then timely filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 55, 62.)

## II.     Plaintiff's Sur-Reply

Following the Magistrate Judge's Report and Recommendation, Plaintiff filed objections and a sur-reply to Defendant's motion. (ECF Nos. 63, 64.) Because Plaintiff did not request nor receive leave of court to file the sur-reply, Defendants moved to strike it based upon this Court's practice guidelines and those of the Magistrate Judge. (ECF No. 66.)

The Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). They may be allowed, however, "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Id.*

Plaintiff's sur-reply does not allege that Defendants make new arguments in their reply. Rather, Plaintiff repeats the arguments contained in his response and objections. (ECF No. 63.) Plaintiff also seems to argue that Defendants improperly filed a motion to dismiss and a reply, incorrectly viewing them as multiple replies to his complaint. (*Id.* at PageID.477.) For these reasons, and because Plaintiff's sur-reply was filed concurrently

---

[2] The Sixth Circuit affirmed the dismissal of Plaintiff's claims against Defendants in their official capacities. (ECF No. 43, PageID.292.)

with his objections, after the Magistrate Judge issued his Report and Recommendation, the Court STRIKES the sur-reply as redundant. *See* Fed. R. Civ. P. 12(f).

## III.    Report and Recommendation on Defendants' Motion to Dismiss

### A.    The Findings of the Magistrate Judge

The Magistrate Judge recommends dismissing Plaintiff's Fourteenth Amendment claims as inapplicable given that Plaintiff is not a pre-trial detainee. (ECF No. 62, PageID.464.) Furthermore, the Magistrate Judge recommends dismissing Plaintiff's remaining claims.

As to Plaintiff's claims that he was denied clean clothes and cleaning supplies and was forced to shower in dirty showers, the Magistrate Judge concludes that these allegations fail to meet both the objective and subjective components necessary to state a claim for an Eighth Amendment violation. (ECF No. 62, PageID.466-71 (citing, among other cases, *Nettles v. Unknown Party #1*, 2022 WL 782606, at *9 (W.D. Mich. Mar. 15, 2022) (denial of clean clothes for a brief time fails to state an Eighth Amendment violation); *Ross v. Davidson Cnty. Sheriff's Off.*, 2019 WL 4573507, at *5 (M.D. Tenn. Sept. 20, 2019) (dirty showers do not state a claim for an Eighth Amendment violation without an allegation of injury or harm); *Perkins v. Bailey*, 2021 WL 868887, at *9 (W.D. Mich. Mar. 9, 2021) (dirty cell conditions and temporary inconveniences do not meet objective component of Eighth Amendment standard); *Rogers v. Roy*, 2021 WL 1686133, at *7 (W.D. Mich. Apr. 29, 2021) (same))). *See also*, *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 567 (6th Cir. 2020) (discussing the "two-part framework" for Eighth Amendment claims).

As to Plaintiff's claims that the food he was served while in quarantine was nutritionally inadequate given his diabetic condition, the Magistrate Judge concludes that these allegations are conclusory and fail to provide the detail necessary to state a constitutional violation. (ECF No. 62, Page.ID 471-73 (citing, among other cases, *Quarles v. Boyd*, 2018 WL 2293957, at *2 (W.D. Ky. May 18, 2018) (prisoner-plaintiff's "broad allegation" that food was nutritionally inadequate could not support a Section 1983 claim "without more detail."))) Additionally, the Magistrate Judge notes that Plaintiff failed to allege that Defendants learned of the nutritional inadequacy of the food Plaintiff was given, and that they chose to disregard that risk despite Plaintiff's medical needs. (ECF No. 62, PageID.473.)

Finally, as to Plaintiff's claims regarding Defendants' alleged failure to accept Plaintiff's outgoing mail during Plaintiff's 20-day quarantine, the Magistrate Judge concludes that Plaintiff failed to allege how he was prejudiced by the alleged deprivation, and that he failed to state a First Amendment violation. (ECF No. 62, PageID.474. (citing *Johnson v. Wilkinson*, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) ("[I]solated instances of interference with prisoners' mail" do not rise to the level of constitutional violation.)))

### B.  Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## C.  Analysis

Plaintiff filed four objections to the Magistrate Judge's Report and Recommendation,[3] but his objections largely consist of arguments he previously made in his response. For instance, in objections two and three, he argues that cleaning supplies are basic human needs, therefore the denial of cleaning supplies to a prisoner amounts to a Constitutional violation. (ECF No. 64, PageID.489-492.) Similarly, in objection five, Plaintiff asserts that there is no justification for depriving him of his special diet, and that in doing so, Defendants acted with deliberate indifference to Plaintiff's medical needs. (*Id.* at PageID.492-93.) "This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Thus, Plaintiff's second and third objections are overruled to the extent they repeat his previous arguments.

Plaintiff also objects to the Magistrate Judge's conclusion that he did not properly state claims for relief as against Defendants Wright, Jones, and John Does, given that this Court found otherwise during its initial screening of the case.  (*See* ECF No. 5.) But Plaintiff cites no authority to support the proposition that this Court may not reexamine its earlier conclusion when presented with fresh argument regarding the sufficiency of a claim. To the contrary, it is well established that the Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final

---

[3] Although Plaintiff filed four objections, he erroneously labelled his fourth objection as "Objection No. 5." (ECF No. 64, PageID.492.)

judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991). Thus, a court's conclusion reached during initial screening of a complaint pursuant to 28 U.S.C. §1915(e)(2) may be reexamined and readdressed at a later time. *Mcglory v. Michigan Dep't of Corr.*, No. 2:20-CV-81, 2021 WL 2471068, at *2 (W.D. Mich. June 17, 2021), *aff'd,* No. 21-2692, 2022 WL 18229595 (6th Cir. July 27, 2022). *See also* 28 U.S.C.§ §1915(e)(2) (stating that the court "shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.") (emphasis added). Because the Court finds the Magistrate's Report persuasive regarding the sufficiency of Plaintiff's claims, Plaintiff's objection on this issue is overruled.

Finally, the Court overrules Plaintiff's objection regarding the Magistrate Judge's alleged choice to disregard the affidavits Plaintiff attached to his complaint. The Magistrate Judge, however, cites Plaintiff's affidavits in his Report and Recommendation, and specifically incorporates facts from the affidavits into Plaintiff's complaint and his analysis thereof. (ECF No. 62, PageID.468.)

## IV. Conclusion

For these reasons and those stated by Defendants in their response to Plaintiff's Objections, the Court GRANTS Defendants' Motion to Strike (ECF No. 66), OVERRULES Plaintiff's Objections (ECF No. 64), ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 62), and GRANTS Defendants' Motion to Dismiss (ECF No. 55).

SO ORDERED.                          s/ Nancy G. Edmunds
                                     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                     Nancy G. Edmunds
                                     United States District Judge

Dated: August 1, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2023, by electronic and/or ordinary mail.

s/ Teresa McGovern
Case Manager